IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:21-CR-57-TAV-JEM |
| ETHAN GREGORY JONES, | ) ) | |
| Defendant. | ) ) | |

### REPORT AND RECOMMENDATION

This case is before the undersigned on the Motion for Permission to Proceed In Forma Pauperis [Doc. 64], which was referred to the undersigned for disposition or recommendation [Doc. 66]. Following a guilty plea, Defendant Ethan Gregory Jones was sentenced to 210 months of incarceration and fifteen years of supervised release [Doc. 61]. A Judgment of conviction was entered on August 11, 2022 [*Id.*]. On August 24, 2022, Defendant, through counsel,[1] filed a timely Notice of Appeal, stating Defendant "appeals . . . the final sentence and judgment pronounced on August 10, 2022, and entered on August 11, 2022" [Doc. 65]. Also on August 24, Defendant filed his request to proceed in forma pauperis in all future proceedings [Doc. 64]. Defendant states that he is indigent and that retained defense counsel, who represented Defendant in this Court, is assisting him in seeking appointed counsel on appeal, which requires him to apply to this Court for leave to proceed in forma pauperis.

Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit demonstrating "the party's inability to pay or to give security for fees and

---

[1] Defendant's motion states that he asked counsel to file the notice of appeal and counsel filed it at Defendant's request [Doc. 64 p. 1 (citing *Garza v. Idaho*, 139 S. Ct. 738 (2019)].

costs; claims an entitlement to redress; and states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a). The Court must then evaluate not only the party's pauper status but also the merits of the appeal. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To demonstrate the appeal is taken in good faith, the "appellant must show that the appeal presents a substantial question that is not frivolous." *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 3087387, at *2 (E.D. Tenn. Aug. 5, 2010). "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004); *see also Powell*, 2010 WL 3087387, at *2.

In order to demonstrate indigency, a party seeking to proceed in forma pauperis must file a motion with an attached affidavit that "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs[.]" Fed. R. App. P. 24(a)(1). The Sixth Circuit's rules further provide that "[i]f a convicted defendant did not qualify to proceed in forma pauperis in the district court but appears to qualify on appeal, trial counsel must see that the defendant completes CJA Form 23 (for an incarcerated defendant) or Fed. R. App. P. Form 4 (for a defendant not incarcerated) and files it in the district court."[2] 6 Cir. R. 24.

---

[2] A criminal defendant whom the Court previously determined qualified for appointed counsel "may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(B). Although Defendant Jones initially qualified for court-appointed counsel, the Court examines his ability to pay the costs of his appeal because he was subsequently represented by retained counsel in this Court. Moreover, even if Defendant need not seek pauper status on appeal, the undersigned's recommendation is the same with regard to whether this appeal is taken in good faith.

2

At his initial appearance on a Criminal Complaint on May 6, 2021, Defendant Jones submitted a CJA Form 23 financial affidavit [Doc. 3, SEALED]. Based upon the information in this affidavit, the Court found that Defendant qualified for the appointment of counsel and appointed the Federal Defender Services of Eastern Tennessee to represent him [Doc. 4]. On May 14, 2021, the Court substituted retained counsel Attorney Wade V. Davies as Defendant's counsel of record [Doc. 13].

Defendant Jones contends that he is indigent [*See* Doc. 64]. He states that his family arranged for Mr. Davies to represent him, and that his financial situation has not improved since the Court found that he qualified for appointed counsel. The Court observes that Defendant went into custody at his May 6, 2021 initial appearance and has been continuously in custody since that time. Although Defendant's family obtained counsel for him, that arrangement was only for proceedings in this Court. Accordingly, the Court finds that Defendant has demonstrated his inability to pay costs and fees on appeal.

The Court also finds Defendant Jones has met the second prong of Rule 24(a)(1) that he "claims an entitlement to redress[.]" Fed. R. App. P. 24(a)(1)(B). Defendant is entitled to bring a direct appeal of his criminal conviction. The issues Defendant seeks to present on appeal, however, fail to satisfy the third prong of Rule 24(a)(1) because they are not raised in good faith. *See* 28 U.S.C. § 1915(a)(3) (prohibiting a defendant's proceeding in forma pauperis on appeal, if the appeal is not taken in good faith). As discussed above, an appeal taken in good faith is one that "presents a substantial question that is not frivolous." *Powell*, 2010 WL 3087387, at *2. Defendant seeks to appeal his "final sentence and judgment" [Doc. 63].

Defendant's Plea Agreement provides as follows:

> The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The

3

> defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

[Doc. 34 ¶ 12(a)]. While the Defendant's 210-month sentence exceeds the minimum mandatory sentence of 120 months,[3] it is within his sentencing guideline range of 210 to 262 months [Doc. 62, SEALED Statement of Reasons]. Thus, Defendant's appeal of his "final sentence and judgment" is precluded by his waiver of appeal. *United States v. Allen*, 635 F. App'x 311, 314 (6th Cir. 2016) (analyzing an identical provision of a plea agreement and holding that "[b]ecause the district court did not impose a sentence that exceeded the top of the advisory Guidelines range that it calculated for [the defendant's] offense, [the defendant's] appeal is precluded by the plain language of his appeal waiver").

Yet, "no appeal waiver serves as an absolute bar to all appellate claims." *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019). Our appellate court "does not 'indiscriminately enforce all appellate waivers.'" *United States v. Riggins*, 677 F. App'x 268, 270 (6th Cir. 2017) (quoting *United States v. Mathews*, 534 F. App'x 418, 424 (6th Cir. 2013)). Instead, "'[a] valid and enforceable appeal waiver . . . only precludes challenges that fall within its scope.'" *Garza*, 139 S. Ct. at 744 (quoting *United States v. Hardman*, 778 F.3d 896, 899 & n.2 (11th Cir. 2014)) (alteration and omission in original); *see also United States v. Droganes*, 728 F.3d 580, 586 (6th Cir. 2013) ("With limited exceptions, we will enforce [an express appellate-waiver] if the defendant entered into it knowingly and voluntarily, and if the scope of the waiver extends to the issues raised on appeal."). "'Under 'limited circumstances,' even a knowingly-entered, otherwise-valid appellate

---

[3] A person convicted of enticement of a minor "shall be . . . imprisoned not less than 10 years or for life." 18 U.S.C. § 2422(b).

waiver will not bar a defendant's challenge to [his] sentence.'" *Riggins*, 677 F. App'x at 270 (quoting *Matthews*, 534 F. App'x at 424). One of the limited circumstances in which the court will hear an appeal despite an appeal waiver is if the waiver of appeal will cause a "miscarriage of justice or undermine the proper functioning of the federal courts." *Id.* (internal quotation omitted).

Here, the issues Defendant seeks to challenge on appeal—his conviction and sentence—fall squarely within the scope of his appeal waiver. Moreover, the issues presented on appeal are stated generally and do not allow the Court to evaluate whether Defendant is raising an issue that might fall outside the appeal waiver. Defendant's failure to state his issues on appeal with specificity "is not a mere technical failure" but, instead, impedes the Court's ability to evaluate the merits of the appeal. *United States v. Walker*, No. 3:18-CR-36-TAV-DCP-4, 2021 WL 5239956, at *2 (E.D. Tenn. Oct. 26, 2021) (recommending denial of in forma pauperis motion because the defendant failed to state "even generally what he contends is the error with the Court's denial of his motion for compassionate release"), *adopted by*, 2021 WL 5239587 (E.D. Tenn. Nov. 10, 2021); *see also United States v. Aguilar*, No. 1:15-CR-296, 2022 WL 3354732, at *1 (N.D. Ohio Aug. 11, 2022) (denying motion to appeal in forma pauperis because the defendant's appeal of "the Judgment" does not allow the court to "determine the merits of any putative appeal" and observing the defendant "waived his right to appeal his conviction or sentence in most circumstances"); *Powell*, 2010 WL 3087387, at *2 (observing that the plaintiff failed to identify "any law, fact, or specific finding by the Court which might provide a basis for an appeal" but, instead, "only made general assertions of error").

In summary, Defendant may not proceed in forma pauperis because his appeal is not taken in good faith. The Court therefore **RECOMMENDS** that the District Judge find

5

Defendant Jones's appeal is not taken in good faith and that his Motion for Permission to Proceed In Forma Pauperis [Doc. 64] be **DENIED**.[4]  If the District Judge accepts this recommendation, then Defendant may file a motion to appeal in forma pauperis in the Court of Appeals within thirty days of service of the denial notice, following the procedures in Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

ENTER:

*Jill E. McCook* (signature)
Jill E. McCook
United States Magistrate Judge

---

[4] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).