UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:21-CR-57-TAV-JEM-1 |
| ETHAN GREGORY JONES, | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court for consideration of the Report and Recommendation ("R&R") entered by United States Magistrate Judge Jill E. McCook on October 19, 2022 [Doc. 68]. The R&R addresses defendant's motion for leave to appeal *in forma pauperis* ("IFP") [Doc. 64]. Judge McCook recommends that the Court deny defendant's motion [Doc. 68]. Defendant has filed objections to the R&R [Doc. 69], and the matter is now ripe for the Court's review. *See* E.D. Tenn. L.R. 7.1(a). For the reasons that follow, the Court will **OVERRULE** defendant's objections [Doc. 69], **ACCEPT** and **ADOPT** the R&R [Doc. 68] in whole, and **DENY** defendant's motion for leave to appeal IFP [Doc. 64].

**I.    Background**

On December 16, 2021, defendant entered a guilty plea to charges of attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b) and transferring obscene material to a minor under the age of 16, in violation of 18 U.S.C. § 1470 [Docs. 34, 38].

As part of the plea agreement, defendant waived his right to file a direct appeal of his convictions or sentence except for a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [Doc. 34, p. 9].

The Court ultimately sentenced defendant to a term of 210 months' imprisonment [Doc. 61], at the low-end of the guideline range [Doc. 41 ¶ 87]. Defendant, through counsel, subsequently filed a notice of appeal [Doc. 65]. At the same time, defendant filed his motion for leave to appeal IFP [Doc. 64]. He noted that the Court had previously found him indigent and his personal financial situation had not improved since that time [*Id.* at 1]. He indicated that his trial counsel filed a notice of appeal on his behalf and will assist him in seeking appointment of counsel on appeal [*Id.* at 1–2].

In her R&R, Judge McCook noted that the Court previously found that defendant qualified for appointment of counsel and appointed the Federal Defender Services of Eastern Tennessee to represent him, but defendant subsequently substituted retained counsel [Doc. 68, p. 3]. However, Judge McCook noted that, while defendant's family retained counsel for him, such was only for purposes of proceedings in the district court, and therefore, Judge McCook found that defendant had demonstrated his inability to pay costs and fees on appeal. Judge McCook also found that defendant met the second prong of Rule 24(a)(1) because he is entitled to appeal his criminal conviction [*Id.*].

However, Judge McCook found that defendant failed to meet the third prong of Rule 24(a)(1) [*Id.*]. Judge McCook noted the plea agreement's appeal waiver and stated

2

that the within-guidelines sentence of 210 months is not appealable under this waiver [*Id.* at 3–4]. Additionally, Judge McCook stated that the issues presented on appeal are stated generally and do not allow the Court to evaluate whether defendant is raising an issue that might fall outside the appeal waiver [*Id.* at 5]. Thus, Judge McCook recommended that the Court find that defendant's appeal is not taken in good faith and deny the motion to appeal IFP [*Id.* at 5–6].

Defendant, through counsel, objects to the R&R, arguing that the notice of appeal complied with the requirements of the Federal Rules of Appellate Procedure [Doc. 69, p. 2]. Counsel states that because he was retained only for purposes of proceedings before this Court and merely filed a notice of appeal on defendant's behalf to comply with his responsibilities under *Garza v. Idaho*, 139 S. Ct. 739 (2019), he is not in a position to state issues with particularity and the best course of action would be for defendant to be appointed new counsel on appeal who could advise him on any appellate issues [*Id.* at 1–2]. Counsel acknowledges cases cited by the R&R in which defendants have not been granted leave to appeal IFP without identifying a specific issue to appeal but suggests that an exception should be made when the notice of appeal is filed by trial counsel pursuant to *Garza* [*Id.* at 2–3].

## II. Standard of Review

The Court reviews *de novo* those portions of the R&R to which the defendant has objected. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). Accordingly, the Court

3

considers the R&R, the motion to appeal IFP, and the defendant's objections, all in light of the applicable law.

## III. Analysis

Pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure, "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court" with an attached affidavit that "(A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). Here, there appears to be no dispute that defendant has complied with the first and second requirements of Rule 24(a)(1), the only issue before the Court is whether defendant has complied with the third requirement of the rule, that is, to state the issues he intends to present on appeal.

Defendant appears to acknowledge that his notice of appeal does not strictly comply with Rule 24(a)(1)(C) but argues that an exception to that portion of the rule should apply in this particular case. Defendant relies on *Garza*, in which the Supreme Court held that a presumption of prejudice arises when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, even if the defendant has signed an appeal waiver. 139 S. Ct. at 744. Trial counsel appears to argue that, because he would be constitutionally deficient if he failed to file a notice of appeal on defendant's behalf, but appellate representation is outside the scope of the services for which he was retained, the Court should essentially waive the

4

requirement to set forth issues for appeal and allow appointed appellate counsel to determine those issues.

Notably, however, defense counsel cites no case law in support of his argument for waiver of the requirement of Rule 24(a)(1)(C) under the circumstances. While the particular facts of this case may be somewhat unusual, in that defendant was appointed counsel, but subsequently retained counsel only for purposes of proceedings in the district court, and now seeks appointment of counsel for purposes of appeal, the Court cannot say that such situation is so extraordinary to warrant deviation from the prescribed rules of appellate procedure. Accordingly, because defendant's motion to appeal IFP admittedly fails to comply with Rule 24(a)(1)(C), the Court will overrule defendant's objections and deny his motion to appeal IFP.

The Court notes that, despite its denial of leave to appeal IFP, defendant may seek leave to appeal IFP from the Sixth Circuit within 30 days of this order. Fed. R. App. P. 24(a)(5). Defendant is free to re-raise his argument regarding the application of Rule 24(a)(1)(C) under the particular circumstances of this case before the Sixth Circuit.

## IV. Conclusion

Upon a careful and *de novo* review of the record and the law, the Court finds that the recommendations contained in the R&R are correct. Thus, defendant's objections [Doc. 69] are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the R&R [Doc. 68] in whole and incorporates the R&R into this Memorandum Opinion and Order. The

Court **CERTIFIES** that defendant's appeal is not taken in good faith and hereby **DENIES** defendant's motion for leave to appeal IFP [Doc. 64].

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>UNITED STATES DISTRICT JUDGE